IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00640-BNB

JOHN A. VIDMAR,

    Plaintiff,

v.

LT. COOPER, K.C.C.F., and
LT. FRANK, K.C.C.F.,

    Defendants.

___

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

___

    Plaintiff, Johnn A. Vidmar, currently is detained at the Jefferson County Detention Facility in Golden, Colorado. Mr. Vidmar, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. The Court must construe the Complaint liberally because Mr. Vidmar is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    Mr. Vidmar must assert how each named defendant personally participated in each of the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Vidmar must show that a defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation

and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim, Mr. Vidmar's complaint "must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Vidmar file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Vidmar shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Vidmar fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice.

DATED March 28, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge