IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00640-CMA-BNB

JOHN A. VIDMAR,

Plaintiff,

v.

LT. COOPER, and
LT. FRANK,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) With Supporting Law** [Doc. #17, filed 05/01/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED AS MOOT and that this action be DISMISSED for lack of jurisdiction.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed a Prisoner Complaint on April 6, 2012 [Doc. #10] (the "Complaint"). The Complaint contains the following allegations:

1. While incarcerated at the Kit Carson Correctional Center, the plaintiff was written up by defendant Cooper for fighting. *Complaint*, pp. 3-4.[1] Defendant Cooper stated that it was reasonable to believe the plaintiff was fighting because he had a black eye which was not present the previous day. Id. at p. 4.

2. The plaintiff sustained the black eye when he slipped and hit his face while stepping off of a top bunk. Id. at p. 3.

3. Defendant Frank investigated the matter. Id. at p. 4. At the hearing on the matter, defendant Frank stated that the injury was not the result of slipping off a bunk bed, but was the result of fighting. Id.

4. The write up caused the plaintiff's mandatory release date to move from January 28, 2012, to February 18, 2012. Id. at p. 3.

5. The Warden reversed the write up, but the plaintiff did not get released until February 1, 2012. Id.

6. The plaintiff lost a month's deposit on rent for an apartment. His family suffered emotional and financial loss. Id. at p. 5.

The plaintiff seeks reimbursement for loss of rent, loss of a job, and emotional suffering. Id. at p. 7. The plaintiff does not identify his cause of action, and it is not clear from the Complaint's allegations. However, in his "Reply to Motions [sic] to Dismiss" [Doc. #20], the plaintiff makes it clear that he is bringing a claim against Cooper and Frank for negligence in

---

[1]The Complaint is not consecutively paginated. Therefore, I cite to the pages of the Complaint as they are assigned by the court's docketing system.

accusing him of fighting, finding him guilty of that offense, and causing him to be imprisoned past his release date.[2]

The defendants argue that negligence is not cognizable under 42 U.S.C. § 1983. *Reply in Support of Motion to Dismiss Pursuant to Fed. R.Civ. P. 12(b)(6)*, pp. 1-2. While this is true, the plaintiff may bring a negligence claim against the defendants under the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-101, *et seq*. The defendants do not discuss the CGIA.

Because the plaintiff's cause of action implicates the court's jurisdiction, I address the matter *sua sponte*. U.S. ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004) (stating "[b]ecause federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction"); Koerpel v. Heckler, 797 F.2d 858, 861 (10th Cir. 1986) (stating that "[i]n as much as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte* ").

The plaintiff is bringing a state law tort claim against the defendants. He does not assert any claims under federal law. Therefore, the plaintiff must rely on diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332; Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).

---

[2]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

3

The plaintiff alleges that he and the defendants all reside in Colorado. *Complaint*, p. 2. Therefore, complete diversity of citizenship does not exist, and this action must be dismissed for lack of jurisdiction.

I respectfully RECOMMEND that the Motion be DENIED AS MOOT and that this action be DISMISSED for lack of jurisdiction.[3]

Dated November 30, 2012.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).